UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| JASON SMILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:18-CV-841-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UBER, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Jason Smiley filed a *pro se* civil complaint against Uber [R. 1]. By Order entered May 30, 2019, the Court directed Plaintiff, within 30 days, to file an amended complaint along with a copy of his charge of discrimination filed with the Equal Employment Opportunity Commission (EEOC) and a copy of his right-to-sue letter received from the EEOC [R. 5]. Plaintiff failed to comply. Nevertheless, the Court, by Order entered July 17, 2019, provided the unrepresented litigant an additional 14 days to do so [R. 6]. The Court warned Plaintiff that his failure to comply within the time allotted would result in dismissal of this action for failure to comply with an order of this Court and for failure to prosecute. The compliance period has expired without any response by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements

that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Plaintiff having failed to comply with a straightforward Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action. Consequently, this action will be dismissed by separate Order.

This the 19th day of August, 2019.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
A958.005